IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PAMELA K. HARTNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 3:08CV128-HEH |
| | ) |
| BRUNSWICK COUNTY PUBLIC SCHOOLS, | ) |
| SCHOOL BOARD OF BRUNSWICK COUNTY, | ) |
| and DALE W. BAIRD, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
### (Denying-in-Part and Granting-in-Part Defendants' Motion for Summary Judgment)

This is a discrimination and retaliation action brought pursuant to Title VII and 42 U.S.C. § 1981. It is before the Court on Defendants Brunswick County Public Schools ("BCPS"), School Board of Brunswick County (the "Board"), and Dale W. Baird's (collectively, the "Defendants") Motion for Summary Judgment, filed on September 16, 2008. For the reasons stated herein, the Court will deny Defendants' Motion for Summary Judgment with respect to the race and sex discrimination claims, and grant Defendants' Motion for Summary Judgment with respect to the retaliation claim.

### I. Background

This case arose when Jerry Burke retired as principal of Brunswick County High School ("BCHS") at the end of the 2005-2006 school year. (Compl. ¶ 18.) With the assistance of Superintendent Dale W. Baird, the BCPS Board solicited and reviewed

applications for Mr. Burke's replacement. Pamela K. Hartnett ("Plaintiff"), a white female serving as assistant principal of BCHS at the time of the opening, applied for the principal position, but was not interviewed or selected to serve as Mr. Burke's replacement. (Compl. ¶¶ 18–20.) In essence, Plaintiff alleges that Superintendent Baird and the BCPS Board unlawfully passed over her application in order to hire a less-qualified black male.

In support of her claims of racial and sexual discrimination, Plaintiff relies on a July 2, 1999, lunch meeting wherein Superintendent Baird stated that he wanted to make Arthur Jarrett the first black principal of BCHS. (Compl. ¶¶ 16–17.) Plaintiff further alleges that Superintendent Baird's intent to hire a black principal was widely known and present at the time of Mr. Burke's retirement. (Pl.'s Dep. 23–25.)

When Mr. Burke retired, three current BCPS employees and five non-BCPS employees submitted applications for the BCHS principal position. (Compl. ¶18; Pl.'s Resp. to Defs.' Mem. Supp. Mot. Summ. J. 5–6.) The three internal applications came from Plaintiff, Mr. Jarrett, a black male and principal of Brunswick County Junior High ("BCJH") at the time of application, and Lawrence A. Whiting, a black male and assistant principal of BCHS at the time of application. (Compl. ¶ 18.) Plaintiff claims that she was more qualified and possessed more relevant experience than the other two internal applicants. (Compl. ¶ 19.)

Superintendent Baird reviewed applications for and made recommendations to the Board for the BCHS principal position. On or about June 12, 2006, Superintendent Baird

initially recommended Mr. Jarrett for the principal position, but the Board rejected the recommendation and instructed Baird to expand the selection process. (Compl. ¶ 28.) Baird then recommended Mr. Whiting, who, after reassuring the Board of his qualifications, was selected to succeed Mr. Burke as BCHS principal on or about June 26, 2006. (Compl. ¶¶ 32–34.)

Plaintiff asserts that she was never seriously considered for the principal position because Superintendent Baird sabotaged her application by falsely informing the Board that Plaintiff had difficulty dealing and communicating with certain faculty, students, and members of the community. (Compl. ¶ 24.) In addition to failing to get the promotion she desired, Plaintiff was informed by Superintendent Baird on June 13, 2006, that she would no longer be serving as BCHS assistant principal and would instead return to teaching duties at BCJH, (Pl.'s Dep. 56–57), a demotion that would result in a decrease in salary. (Compl. ¶ 37.) Due to what she perceived as disparate treatment, Plaintiff contacted an attorney, who sent a letter to Defendants on June 28, 2006, informing them that they had engaged in prohibited, discriminatory conduct. (Pl.'s Resp. to Defs.' Mem. Supp. Mot. Summ. J. 18.)

Plaintiff subsequently filed a complaint against Defendants on February 28, 2008, alleging multiple counts of race discrimination, sex discrimination, and retaliation under Title 1981 and 42 U.S.C. § 1981. After filing an Answer on March 24, 2008, Defendants filed this Motion for Summary Judgment on September 16, 2008. Both parties have filed extensive memoranda of law supporting their respective positions. The Court will

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process.

## II. Standard of Review

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby*, 477 U.S. 242, 247 (1986). The moving party bears the initial burden to show the absence of a genuine issue of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), and if met, the non-moving party must then "set forth specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). When deciding on the motion, all factual inferences must be drawn in the light most favorable to the non-moving party. *See Anderson*, 477 U.S. at 255.

## III. Analysis

Because the elements and underlying facts of the race and sex discrimination claims substantially overlap, the Court will consider the discrimination claims under Title VII and 42 U.S.C. § 1981 together. For the reasons detailed in this opinion, Defendants' Motion for Summary Judgment will be denied with respect to the discrimination claims and granted with respect to the retaliation claim.

## A. Discrimination Claims

Employment discrimination based on race or sex in violation of 42 U.S.C. § 2000e can be proven by direct or circumstantial evidence. *See U.S. Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 714 n.3 (1983). If relying on circumstantial evidence, a plaintiff must prove discrimination in accordance with the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The *McDonnell Douglas* framework contemplates a burden-shifting regime where the plaintiff bears the initial burden of pleading a prima facie case of discrimination. *See Bryant v. Aiken Reg. Med. Ctrs. Inc.*, 333 F.3d 536, 544–45 (4th Cir.2003). To plead a prima facie case, a plaintiff must show "that (1) she is a member of a protected group, (2) she applied for the position in question, (3) she was qualified for that position, and (4) the defendants rejected her application under circumstances that give rise to an inference of unlawful discrimination." *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 268 (4th Cir. 2005). If a plaintiff can prove a prima facie case of employment discrimination, the burden shifts to the defendant to show a "legitimate, nondiscriminatory reason" for the challenged decision. *McDonnell Douglas*, 411 U.S. at 802. Should the defendant meet this burden, the plaintiff must then show that the legitimate reason offered by the defendant was nothing more than a pretext masking the defendant's true discriminatory animus. *See Texas Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 254–56 (1981).

Construing the facts in the light most favorable to Plaintiff, the Court finds that Plaintiff has made out a prima facie case of employment discrimination: (1) Plaintiff, as a

5

white female, is a member of a protected class; (2) she applied for the open principal position; (3) she was at least minimally qualified for that position; and (4) Defendants rejected her application and promoted a black male under circumstances that give rise to an inference of unlawful discrimination. The Court further finds that Defendants have not met their burden of showing a legitimate, nondiscriminatory reason for rejecting Plaintiff's application. While Defendants contend that Plaintiff was not qualified for the principal position because she was unable to coexist with certain members of the faculty, student body, and community, Defendants have failed to produce any documentation supporting their claim. In fact, Defendants advance no specific evidence of any complaint against Plaintiff. Moreover, Plaintiff contends that her evidence will show that she possessed considerably more experience—both teaching and administrative—than Mr. Whiting. (Pl.'s Resp. to Defs.' Mem. Supp. Mot. Summ. J. 19–20.)

Even assuming Defendants had met their burden of showing a legitimate, nondiscriminatory reason for rejecting Plaintiff's application, the record does not support a finding that the proffered reason is more than a mere pretext. The lack of specific evidence supporting Defendants' alleged reason for by-passing Plaintiff clearly leaves material issues of fact to be resolved by the jury.

Accordingly, this Court cannot find, as a matter of law, that Defendants are entitled to summary judgment. Defendant's Motion for Summary Judgment with respect to Counts I, II, and IV is therefore denied.

## B. Retaliation Claim

To prove retaliation, Plaintiff must show that (1) she engaged in protected activity, (2) she suffered an adverse employment action at the hands of her employer, and (3) the employer took the adverse action because of the protected activity. *Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 543 (4th Cir. 2003). Although Plaintiff satisfies the first two elements of retaliation by showing that she made a discrimination complaint to her employer and that her employer demoted her, Plaintiff has failed to show a causal connection between her protected activity and the adverse employment action.

Plaintiff was demoted from BCHS assistant principal to BCJH teacher on June 13, 2006. (Pl.'s Dep. 56–57.) Though there is some disagreement over the exact date that Plaintiff's counsel sent Defendants a letter alleging discrimination, neither party disputes that this letter was sent *after* Plaintiff was demoted. Because the undisputed facts show that Defendants' adverse employment action occurred before Plaintiff's protected activity, the protected activity could not have caused the adverse action, and Plaintiff's claims of retaliation under Title VII and 42 U.S.C. § 1981 accordingly fail as a matter of law. Defendants' Motion for Summary Judgment with respect to Counts III and V is therefore granted.

## IV. Conclusion

For the reasons stated above, Defendants' Motion for Summary Judgment will be denied-in-part and granted-in-part. The motion is denied with respect to the race and sex discrimination claims, and granted with respect to the retaliation claim.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Oct. 24, 2008
Richmond, VA