IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PAMELA K. HARTNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:08CV128-HEH |
| ) | |
| SCHOOL BOARD OF BRUNSWICK COUNTY ) | |
| and DALE W. BAIRD, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION
(Granting-in-part Plaintiff's Motion for Back Pay, Front Pay, Attorneys' Fees and Interest)

THIS MATTER is before the Court on Defendants' Post-Trial Motions[1] (Dk. No. 45), filed on December 1, 2008, and Plaintiff's Motion for Back Pay, Front Pay, Attorneys' Fees, and Interest (Dk. No. 51), filed on December 12, 2008. At trial on November 7, 2008, the jury returned a verdict for Plaintiff on both her Title VII and § 1981 claims, and awarded her $200,000 in damages for her Title VII claim against Defendant School Board of Brunswick County. The jury did not award Plaintiff any damages for her § 1981 claim against both Defendants.

The Court heard oral argument on the parties' post-trial motions on December 15,

---

[1] Defendants maintained that they are entitled to a new trial as a result of error in the jury instructions, that Plaintiff is not entitled to compensatory damages under Title VII because she could recover under 42 U.S.C. § 1981, and that Defendants are entitled to remittitur of Plaintiff's compensatory damages.

1

2008. The Court denied Defendant's Post-Trial Motions and entered judgment in favor of Plaintiff in the amount of $200,000 pursuant to the jury's verdict. For the reasons stated herein and at the December 15, 2008, hearing, the Court will grant Plaintiff's Motion for Back Pay and Motion for Attorneys' Fees and will deny Plaintiff's Motion for Front Pay.

## I. Back Pay

The Court may, in its discretion, award a prevailing plaintiff the equitable remedy of back pay. 42 U.S.C. § 2000e-5(g). "A Title VII plaintiff is generally entitled to back pay 'as a matter of course,'" unless the defendant produces sufficient evidence proving that the plaintiff failed to make a reasonable effort to mitigate her damages. *Martin v. Cavalier Hotel, Inc.*, 48 F.3d 1353, 1358 (4th Cir. 1995). The Court finds that Plaintiff made a reasonable effort to mitigate her damages by accepting the assistant principal position in Southampton County, Virginia, and that she is entitled to an award of back pay in the amount of $34,167.04.[2] Plaintiff is entitled to interest on the award for back pay at a rate of .69 percent. *See* 28 U.S.C. § 1961.

## II. Front Pay

---

[2] At the December 15, 2008, hearing, Defendants argued that the yearly allocation of money from Plaintiff's salary to the Virginia Retirement System ("VRS") should not be included in Plaintiff's award of back pay because the money would have been paid directly to the VRS. While Plaintiff would not have received the retirement funds in 2006–2008, she would have gained access to them upon her retirement. Therefore, the Court reduced the difference between the retirement funds she would have received as principal of Brunswick County High School and the actual amount paid to VRS to its present value and included it in the award for back pay.

2

Under Title VII, the Court may award a prevailing plaintiff front pay. An award of front pay, however, rests solely within the discretion of the Court in shaping an adequate remedy to make the plaintiff whole. *Duke v. Uniroyal, Inc.*, 928 F.2d 1413, 1424 (4th Cir. 1991). In this case, Plaintiff continued to work as an assistant principal in Brunswick County until she accepted a position as an assistant principal in Southampton County, Virginia, at a comparable salary, which she holds currently. The Court finds that the jury's award, accompanied by the award of back pay and attorneys' fees, is adequate to make Plaintiff whole in this matter. Accordingly, her request for an award of front pay will be denied.

### III. Attorney's Fees

Title VII permits prevailing parties to recover reasonable attorney's fees and costs. 42 U.S.C. § 2000e-5(k). While the decision to award attorney's fees rests with the sound discretion of the trial court, "a prevailing plaintiff ordinarily is to be awarded attorney's fees in all but special circumstances." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 417 (1978). The Court will calculate the award of attorney's fees by multiplying the number of reasonable hours expended times a reasonable rate. *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998). In determining a reasonable number of hours and rate, the Court looks to several factors, including the time and labor expended, the novelty and difficulty of the questions raised, the skills necessary to perform the legal services, the attorney's opportunity costs in prosecuting the litigation, the customary fee for similar

3

work, the amount in controversy and the results obtained, the experience, reputation, and ability of the attorney, the nature and length of the professional relationship between the attorney and client, and attorney's fees awards in similar cases. *Id.*

Plaintiff's counsel has been practicing law in Virginia for more than thirty years. He has represented Plaintiff in this matter since 2006. During the course of this litigation, Plaintiff's counsel, among other things, investigated Plaintiff's claims, prepared and filed an EEOC charge, prepared and filed the Complaint, responded to Defendants' Motion for Summary Judgment, prepared for and attended a settlement conference with a United States Magistrate Judge, attended and took numerous depositions, and represented Plaintiff in a three-day jury trial, which ended with an award in favor of Plaintiff.

Based on its review of the record, the Court finds that 260 hours is a reasonable amount of time expended by Plaintiff's counsel and 38 hours is a reasonable amount of time expended by Plaintiff's counsel's associates, Craig Curwood and Ed McPhillips, to represent Plaintiff in this case. Also, based on its review of the record, the Court finds both Plaintiff's counsel's hourly rate of $375 and Mr. Curwood's and Mr. McPhillips's hourly rate of $250 reasonable based on their legal experience and the prevailing market rate for attorneys with similar experience in Richmond, Virginia. Accordingly, Plaintiff is entitled to an award for attorneys' fees in the amount of $107,000.

### IV. Conclusion

At the hearing on December 15, 2008, the Court denied Defendants' Post-Trial

Motions and entered judgment in favor of Plaintiff in the amount of $200,000, pursuant to the jury's verdict. The Court will grant Plaintiff's Motion for Back Pay in the amount of 34,167.04, on which interest will be calculated at a rate of .69 percent. The Court will also grant Plaintiff's Motion for Attorneys' Fees in the amount of $107,000. The Court will deny Plaintiff's Motion for Front Pay.

An appropriate Order will accompany this Memorandum Opinion.

It is SO ORDERED.

                                                      /s/
                                      Henry E. Hudson
                                      United States District Judge

Date: Dec 23, 2008
Richmond, VA